IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERTILITY NUTRACEUTICALS, LLC d/b/a Ovaterra,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VITAQUEST INTERNATIONAL, LLC,<br><br>　　　　　　　　　Defendant. | Case No. 24-CV-2546<br><br>**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

　　　　AND NOW, on this ____ day of _____, 2025, it appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, as specifically defined in Paragraph 2 of this Confidentiality Agreement and Protective Order ("Confidentiality Agreement"), Plaintiff and Defendant (each a "Party," together the "Parties") hereby agree as follows:

　　　　1.　　The term "Discovery Material" means all documents and other information produced or disclosed in the course of discovery in this litigation, regardless of the medium or manner generated, stored, maintained, or revealed, and information derived directly therefrom, including, but not limited to, electronically stored information, transcripts of deposition or hearing testimony, responses to interrogatories, responses to requests for admission, or other written responses to discovery. All Discovery Material produced in this action shall be used by the receiving Party solely for purposes of the prosecution or defense of this action and shall not be used by the receiving Party or any third party for any business, commercial, competitive, personal,

or other purpose, including but not limited to product development, marketing, or competitive analysis.

2. Each Party shall have the right to designate as "Confidential" any information, document, or portion of any document produced or disclosed in this action that contains: (a) proprietary product information, including but not limited to formulations, manufacturing processes, and supplier details; (b) any individual's personal identifying information or health information; (c) information produced or received that is subject to an existing confidentiality agreement; (d) financial data, including sales figures, revenue, profit margins, and customer transaction records; (e) customer lists, subscription data, or other commercially sensitive business information; or (f) trade secrets as defined under applicable law. Additionally, a Party may designate material as "Highly Confidential – Attorneys' Eyes Only" if its disclosure to the other Party's in-house counsel, executives, or employees could cause competitive harm, provided such designation is made in good faith and accompanied by a brief written explanation to the receiving Party. Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not be shared with non-parties under any circumstances, except as expressly permitted under Paragraph 3 or by Court order. To the extent that during the course of this litigation either Party discovers that Discovery Material, which it believes in good faith to be entitled to protection under this Confidentiality Agreement, is not otherwise included within one of the aforementioned categories, the Parties shall move to amend this Confidentiality Agreement in accordance with Paragraph 17. The Party that produces or discloses any Confidential or Highly Confidential – Attorneys' Eyes Only material ("Designating Party"), including without limitation any information, document, interrogatory answer, admission, pleading, or testimony, shall mark the

same "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as applicable.

3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney at a Party's outside law firm(s) that is/are counsel of record for that Party in this Action). Outside counsel shall not disclose Confidential material to any Party's in-house counsel or executives unless such disclosure is necessary for the prosecution or defense of this action and the material is not designated as "Highly Confidential – Attorneys' Eyes Only";

(b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A prior to receiving such material;

(c) Secretarial, paralegal, clerical, duplicating, and data-processing personnel of the foregoing, provided they are bound by the terms of this Confidentiality Agreement through their employment;

(d) The Court and court personnel;

(e) Witnesses at deposition or trial, provided: (i) counsel for the Party intending to disclose the information has a good faith basis for believing such witness (a) sent or received the Confidential material; (b) is a current employee of the Designating Party or an affiliated company; or (c) has personal knowledge regarding the creation or use of the specific Discovery Material containing the Confidential material; and (ii) the witness signs the non-disclosure agreement in Exhibit A prior to receiving such material, unless the witness is a current employee of the Designating Party. Witnesses shall not retain a

copy of documents containing Confidential material, except that a witness may receive copies of all exhibits marked at that witness's deposition in connection with the witness's review of the transcript;

(f) Other persons only by written consent of the Designating Party or upon order of the Court, and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld;

(g) Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or are otherwise bound by confidentiality obligations;

(h) The Parties. For the purpose of this Paragraph, the terms "Party" and "Parties" shall include the Parties' respective in-house counsel and executives who are required to participate in decisions with reference to this lawsuit, provided such material is not designated as "Highly Confidential – Attorneys' Eyes Only";

(i) For material designated as "Highly Confidential – Attorneys' Eyes Only," disclosure shall be limited to outside counsel (as defined in subparagraph (a)), outside experts or consultants (subject to subparagraph (b)), the Court and court personnel (subparagraph (d)), and vendors (subject to subparagraph (g)), unless otherwise agreed by the Designating Party in writing or ordered by the Court.

34718982v.1

4. Confidential material, including material designated as "Highly Confidential – Attorneys' Eyes Only," copies thereof, and the information contained therein, shall be used only by individuals permitted access to it under Paragraph 3 and solely for the purpose of prosecuting or defending this action. Such material shall not be disclosed in any manner to any other individual or used for any business, commercial, competitive, personal, or other purpose, including but not limited to product development, marketing, or competitive analysis, until and unless (a) outside counsel for the Party asserting confidentiality waives the claim of confidentiality in writing with respect to specific material, or (b) the Court orders such disclosure. Nothing in this Agreement shall restrict a Party's use, for any purpose, of its own Confidential or Highly Confidential – Attorneys' Eyes Only material, provided such use does not involve disclosure to third parties not authorized under Paragraph 3.

5. With respect to any depositions that involve a disclosure of Confidential material or material designated as "Highly Confidential – Attorneys' Eyes Only" of a Party to this action, the Party that produced such material ("Designating Party") shall have until twenty-one (21) business days after receipt of the final deposition transcript to inform all other Parties in writing that portions of the transcript are to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," which period may be extended by written agreement of the Parties. During this twenty-one (21) business day period, no deposition transcript shall be disclosed to any individual other than those authorized under Paragraph 3 (or Paragraph 3(i) for material designated "Highly Confidential – Attorneys' Eyes Only"), and no individual attending such a deposition shall disclose the contents of the transcript to any individual not authorized under Paragraph 3 during said period. Upon being informed that certain portions of a deposition transcript are designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," all Parties shall

immediately cause each copy of the transcript in their custody or control to be appropriately marked and shall limit disclosure of that transcript in accordance with Paragraph 3. Any failure to designate a portion of a transcript as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within this period shall not waive the Designating Party's right to later seek such designation, provided the Designating Party demonstrates good cause for the delay to the Court.

6.    If counsel for a Party receiving documents or information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder objects to such designation, in whole or in part, the following procedure shall apply:

(a) Counsel for the objecting Party shall serve on the Designating Party a written objection to such designation which shall describe with particularity the documents or information in question and state the specific grounds for the objection.

(b) Counsel for the Designating Party shall respond in writing to such objection within ten (10) business days of receipt of the objection, stating with particularity the grounds for asserting that the document or information is "Confidential" or "Highly Confidential – Attorneys' Eyes Only." For material designated "Highly Confidential – Attorneys' Eyes Only," the Designating Party shall also demonstrate that disclosure to the receiving Party's in-house counsel, executives, or employees would cause competitive harm. If no timely written response is made to the objection, the challenged designation will be deemed void.

(c) If the Designating Party makes a timely response asserting the propriety of the designation, counsel for the Parties shall confer in good faith within seven (7) business days of the response in an effort to resolve the dispute without Court intervention.

(d) If a dispute as to a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation cannot be resolved by agreement, the Party challenging the designation shall present the dispute to the Court in accordance with the Court's motion practice and discovery dispute procedures within fourteen (14) business days of the good-faith conference, unless the Parties agree to a different timeframe. The Designating Party shall bear the burden of establishing the need for such status, and for "Highly Confidential – Attorneys' Eyes Only" designations, shall additionally show that disclosure to the receiving Party's in-house personnel would cause competitive harm. The document or information that is the subject of the dispute shall be treated as originally designated pending resolution by the Court.

7. So as not to encourage unnecessary challenges to designations under this Agreement, the Parties agree and stipulate that no Party's failure to object to a designation hereunder will constitute an admission or acknowledgement that the material so designated actually constitutes confidential information subject to protections from disclosure as a matter of fact or law.

8. All requests to seal documents filed with the Court shall be subject to a separate court order in compliance with the Local Rules of the United States District Court for the Southern District of New York.

9. Subject to Court ruling otherwise, if the need arises during trial or at any hearing before the Court for any Party to disclose Confidential or "Highly Confidential – Attorneys' Eyes Only" material, that Party shall, to the extent practicable, provide written notice to the Designating Party at least fifteen (15) business days in advance of the proposed disclosure, or as directed by

the Court. The Designating Party may seek a protective order or sealing consistent with Paragraph 8.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or "Highly Confidential – Attorneys' Eyes Only" material that should have been designated as such, regardless of whether the information or document was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information or document disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within thirty (30) days of discovery of the omission, unless good cause is shown for a longer period. Such notice shall constitute a designation of the information or document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Confidentiality Agreement. For material later designated "Highly Confidential – Attorneys' Eyes Only," the receiving Party shall immediately restrict access to outside counsel and authorized recipients under Paragraph 3(i).

11. When the inadvertent or mistaken disclosure of any information or document protected by privilege or work-product immunity is discovered by the producing Party and brought to the attention of the receiving Party, the receiving Party must promptly return or destroy such material, as directed by the producing Party, and certify in writing within five (5) business days of such direction that all copies have been returned or destroyed, including any electronic copies or derivatives. Such inadvertent or mistaken disclosure of such information or document shall not by itself constitute a waiver by the producing Party of any claims of privilege or work-product

immunity. However, nothing herein restricts the right of the receiving Party to challenge the producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

12. This Confidentiality Agreement shall not deprive either Party of its right to object to discovery by the other Party or on any otherwise permitted ground. This Confidentiality Agreement is being entered into without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

13. No information that is in the public domain or which is already known by the receiving Party through proper means or which is or becomes available to a Party from a source other than the Party asserting confidentiality, rightfully in possession of such information on a nonconfidential basis, shall be deemed or considered to be Confidential or "Highly Confidential – Attorneys' Eyes Only" material under this Confidentiality Agreement.

14. No act carried out under this Confidentiality Agreement, including designating material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," shall be construed as an admission or conclusion: (a) that any information, document, or the like designated as Confidential or "Highly Confidential – Attorneys' Eyes Only" material is in fact confidential; or (b) with respect to the competency, relevance, materiality, admissibility, privilege, or immunity of any such information, document, or the like.

15. This Confidentiality Agreement shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written motion of the Parties filed with the Court.

16. Upon final conclusion of this litigation, including all appeals and related proceedings, each Party or other individual subject to the terms hereof shall return to the

Designating Party all originals and copies of documents containing Confidential or "Highly Confidential – Attorneys' Eyes Only" material, or destroy them if requested, within thirty (30) days. Outside counsel may retain one archival copy of pleadings, transcripts, and exhibits, subject to this Agreement. The receiving Party shall certify in writing to the Designating Party that all other copies have been returned or destroyed.

17. This Confidentiality Agreement may be modified only by written motion to the Court. Nothing contained herein shall preclude the Parties from seeking an order of the Court modifying or supplementing this Confidentiality Agreement.

18. Any Party or individual receiving Confidential or "Highly Confidential – Attorneys' Eyes Only" material shall maintain it in a secure manner, using reasonable safeguards (e.g., password protection, encryption) to prevent unauthorized access or disclosure. In the event of a data breach or suspected unauthorized disclosure, the receiving Party shall notify the Designating Party within forty-eight (48) hours and cooperate fully to mitigate harm.

The Parties, through their respective counsel, expressly agree to the terms of this Confidentiality Agreement and consent to its form and approval.

Dated: March 17, 2025

_/s/ Stephen Turman_
Stephen E. Turman, Esquire
Turman Legal Solutions PLLC
626 RXR Plaza
Uniondale, NY 11556
Tel: (516) 266-6101

*Attorneys for Plaintiff Fertility Nutraceuticals, LLC d/b/a Ovaterra*

_s/ Victor Zarrilli_
Robert G. Devine, Esquire Victor Zarrilli, Esquire
WHITE & WILLIAMS LLP 457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220 Tel: (856) 317-3672
Fax: (856) 317-3620

*Attorneys for Defendant, Vitaquest International, LLC*

34718982v.1

**SO ORDERED.**

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Date:      March 18, 2025
           New York, New York

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERTILITY NUTRACEUTICALS, LLC d/b/a Ovaterra,<br><br>                      Plaintiff,<br><br>     v.<br><br>VITAQUEST INTERNATIONAL, LLC,<br><br>                      Defendant. | Case No. 24-CV-2546 |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____ _____ _____.

4. I have carefully read and understood the provisions of the Confidentiality Agreement and Protective Order ("Confidentiality Agreement") in this case approved by the Court, and I will comply with all provisions of the Confidentiality Agreement.

5. I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Agreement any Confidential or Highly Confidential—Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential of Highly Confidential information disclosed to me.

6. I will limit use of Confidential and Highly Confidential—Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential and Highly Confidential—Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____

[Signature]

_____

[Printed Name]